**STAUFFER CHEMICAL COMPANY, Plaintiff-Appellant,**

**v.**

**W. D. BRUNSON, doing business as Brunson Construction Company, Defendant-Appellee.**

**No. 26803.**

United States Court of Appeals
Fifth Circuit.
April 28, 1969.

---

**1328**

George F. Wood, Mobile, Ala., Seymour Simon, New York City, for plaintiff-appellant; Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., Richard T. Graham, New York City, of counsel.

Alex F. Lankford, III, Mobile, Ala., for defendant-appellee; Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., of counsel.

Before GEWIN, McGOWAN * and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is from a judgment of the District Court entered after a remand by this court, 380 F.2d 174 (1967), in an opinion setting forth fully the circumstances underlying this claim by appellant cargo owner against appellee stevedore for the loss of the cargo by the sinking of the barge during the night when unloading was not going on. We there accepted the findings of fact made by the District Court after trial, Stauffer Chemical Co. v. Barge S.C. & N.O. 1515, 243 F.Supp. 198, and agreed with its conclusions of law to the extent of our holding that, although appellee was not relieved of all responsibility under its contractual undertaking to be responsible for the cargo at all times, appellant had, by voluntary assumption of a duty to watch over the cargo during the night, effected a modification *pro tanto* of appellee's contractual commitment. Since, as we remarked, the record was devoid of any showing that appellant had performed this assumed duty, we sent the case back for a determination by the District Court of whether "the damage to the cargo resulted from [appellant's] negligence in not properly checking the barges during the night in question * * *."

Upon remand, the District Court inquired as to whether either of the parties desired to offer additional evidence. Both declined. The case was then calendared for oral argument, and a decision was eventually forthcoming for appellee. The court relied on evidence that the barge sank at the unloading pier during the night because of a fracture in a forward rake knuckle which began to take in water as unloading at the stern caused the forward end to sink deeper. It concluded that, had the barge been properly watched by appellant during the night, the gradual settling by the head would have been apparent and sinking could have been prevented by the use of pumps.

Appellant asserts that, since the District Court did not take any additional evidence on remand, the court not only failed to comply with the terms of the remand but also had no adequate basis for finding a causal connection between appellant's neglect and the damage. It also argues that such evidence as did exist in the record showed that appellant could not have prevented the damage, there being no obligation on appellant to keep the barge under constant surveillance or to inspect the barge for leaks.

■ As to the first of these contentions, our remand did not imply that there was necessarily insufficient evidence in the existing record to support a finding of causality.[1] It rather repre-

---

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

1. Appellee points out that there was evidence in the trial record which was not

sented our belief that the trial judge who heard the evidence should pass on that question in the first instance, and in the light of our more precise definition of the nature and scope of appellant's assumed responsibility.

 Appellant's second contention, to the extent that it is not simply an attempt to reopen issues resolved in our prior opinion, is essentially an argument that the trial court's findings on remand are lacking in adequate evidentiary support. Our examination of the record, however, persuades us that we have no basis for disturbing the result reached by the trial court.

Affirmed.

included in the record filed with this court in the earlier appeal; and it urges that appellant's claim of insufficient evidence should not be considered by us. See Rule 10(b), FRAP, and 9 Moore's Federal Practice § 75.06. In view of the conclusions we reach, we do not pursue this point. Nor do we find it necessary to deal definitively with appellee's

assertion that on remand the only issue to be explored was that of casuality, and not the question of whether appellant was negligent. We think the District Court's findings and conclusions on remand may be read as encompassing both, and the conclusion we reach herein with respect to adequate evidentiary support extends to each.